Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletreedeakins.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:   858.652.3100
Facsimile:   858.652.3101

Attorneys for Defendants Sterling Jewelers Inc. and Signet Jewelers Limited
(incorrectly sued as Sterling Jewelers, Inc. and Signet Jewelers, LTD.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MASTEN, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>             Plaintiff,<br><br>vs.<br><br>STERLING JEWELERS, INC., an Ohio corporation, SIGNET JEWELERS, LTD., a foreign corporation, and DOES 1 through 30 inclusive,<br><br>             Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANTS**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Related Cases; Certification of Interested Parties; Declarations of Robin Shabazz, Steven J. Becker, and Tim L. Johnson] |

Case No.

Defendants Sterling Jewelers Inc. and Signet Jewelers Limited ("Defendants") remove this action from the Los Angeles Superior Court to the United States District Court for the Central District of California pursuant 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ("CAFA")) and 1446 because: (1) Plaintiff Veronica Masten ("Plaintiff") are "citizen[s] of a state different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" over 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." All CAFA requirements are satisfied.

These facts were true when Plaintiff filed her Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is appropriate as detailed more fully below:

## I.    THE STATE COURT ACTION

1.    On May 12, 2017, Plaintiff filed her Complaint in the Los Angeles Superior Court ("Action"). The Action was assigned Case No. BC660989. (Johnson Decl., ¶ 2.)

2.    On May 16, 2017, Plaintiff served the Complaint. (Johnson Decl., ¶ 3; attached as **Exhibit 1** to this Notice of Removal.)

3.    On June 13, 2017, Defendants filed an Answer to the Complaint. (Johnson Decl., ¶ 4, attached as **Exhibit 2** to this Notice of Removal.)

## II.    REMOVAL IS TIMELY

4.    Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendants' deadline to remove is June 15, 2017. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This Notice of Removal is timely.

## III.    REMOVAL IS PROPER UNDER CAFA

5.    The Action is removable under CAFA given the allegations and claims. The Complaint asserts claims for: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to reimburse business expenses; (4) failure to

provide itemized wage statements; (5) failure to timely pay wages; and (6) violation of California's unfair competition laws.

6.      CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

7.      This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendants, the number of members in Plaintiff's proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

## A.   CAFA's Diversity of Citizenship Requirement Is Satisfied

8.      CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b); *Rodgers v. Central Locating Service, Ltd*., 2006 U.S. Dist. LEXIS 6255, *7-*8.

9.      At all relevant times, Plaintiff has been a resident of California. (Complaint, ¶ 5; attached hereto as **Exhibit 1**.)

10.     Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*.

2                                    Case No.

at p. 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

11.     Defendant Signet Jewelers Limited is a foreign company not incorporated in any state in the United States, with its headquarters in Bermuda and its operations based out of Ohio. Defendant Sterling Jewelers Inc. is a subsidiary of Defendant Signet Jewelers Limited. (Becker Decl., ¶ 2.)

12.     Defendant Sterling Jewelers Inc. is a corporation incorporated under the laws of Ohio, with its principal place of business in Ohio. Since its incorporation in 1955, Defendant Sterling Jewelers Inc.'s headquarters have been in Ohio and its executive management has directed, controlled, and coordinated its activities from there. (Shabazz Decl., ¶ 2.)

13.     Defendants have not been organized under the laws of California nor had their principal place of business there. (Becker Decl., ¶ 3; Shabazz Decl., ¶ 3.)

14.     Minimal diversity is established because, at all relevant times, Plaintiff has been a citizen of California and Defendants have not. Removal is proper under 28 U.S.C. § 1332(d); *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B.     CAFA's Class Size Requirement Is Satisfied

15.     Plaintiff brings the Action on behalf of all current and former employees of Defendants in California compensated by the hour and commissions within four years preceding filing the Action through the date of final disposition (referred to as "putative class members"). (Complaint, ¶¶ 1-2, 27-28; attached hereto as **Exhibit 1**.)

16.     Plaintiff estimates there are "thousands" of putative class members. (Complaint, ¶ 30; attached hereto as **Exhibit 1**.)

17.     From May 12, 2013, to the present, Defendant Sterling Jewelers Inc. employed, in the aggregate, more than 100 putative class members. (Shabazz Decl., ¶ 4.)[1] CAFA's size requirement is satisfied.

## C.   CAFA's Requisite Amount in Controversy Is Satisfied

18.     CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

19.     The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013).

20.     Among other things, Plaintiff seeks the recovery of meal period penalties, wage statement penalties, and waiting time penalties on behalf of herself and the putative class. (Complaint ¶ 1; attached hereto as **Exhibit 1**.) The Complaint satisfies the $5,000,000 threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).[2]

### 1.   Relevant Data

21.     From May 12, 2016, to the present, Defendant Sterling Jewelers Inc. issued 24,670 wage statements to 1,078 putative class members. (Shabazz Decl., ¶ 5.)

22.     From May 12, 2014, to the present, Defendant Sterling Jewelers Inc. terminated 2,980 putative class members, and the average hourly rate for those putative class members was more than $13.50 per hour. (Shabazz Decl., ¶ 6.)

---

[1] In alleging the class size for CAFA removal, Defendants do not concede in any way that Plaintiff's allegations in the Complaint are accurate.

[2] In alleging the amount in controversy for CAFA removal, Defendants do not concede in any way that Plaintiff's allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Defendants do not concede that any or all putative class members are entitled to any recovery, or are appropriately included in the Action.

4     Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

### 2.   Wage Statement Penalties

23.   Plaintiff seeks statutory penalties for inaccurate wage statements under California Labor Code § 226 on behalf of putative class members. (Complaint, ¶¶ 1-2, 58-61; attached hereto as **Exhibit 1**.)

24.   A one-year statutory period applies to Plaintiff's claim for wage statement penalties.

25.   Labor Code § 226(e) provides for the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period.

26.   Based on the relevant data, the amount at controversy for wage statement penalties is **$2,413,100** (1,078 wage statements x $50 = $53,900; 23,592 wage statement x $100 = $2,359,200; $53,900 + $2,359,200 = $2,413,100).

### 3.   Waiting Time Penalties

27.   Plaintiff seeks waiting time penalties under California Labor Code § 203 on behalf of putative class members. (Complaint, ¶¶ 1-2, 65-70; attached hereto as **Exhibit 1**.)

28.   A three-year statutory period applies to Plaintiff's claim for waiting time penalties.

29.   California Labor Code § 203 provides that "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

30.   Based on the relevant data, the amount at controversy for waiting time penalties is **$9,655,200** ($13.50 x 8 hours x 30 days x 2,980 putative class members = $9,655,200).

### 4.    Summary

31.    The Complaint satisfies the requisite amount of controversy for removal under CAFA, *without* including many other of Plaintiff's claims.

## IV.    VENUE IS PROPER

32.    The Los Angeles Superior Court is located within the Central District of California. 28 U.S.C. § 84(c)(3). Venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

## V.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

33.    Attached Exhibits 1 to 3 are the processes, pleadings, and orders provided to Defendants.

34.    As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely. (*See* Johnson Dec. ¶ 3.)

35.    As required by 28 U.S.C. §1446(d), Defendants provided Notice of Removal to Plaintiff through her attorneys of record.

36.    A copy of the original Notice of Removal will be filed with the Los Angeles Superior Court.

37.    If this Court has a question regarding the propriety of this Notice of Removal, Defendants request it issue an order to show cause so they may have an opportunity to more fully brief the grounds for this removal.

## VI.    CONCLUSION

38.    For the foregoing reasons, Defendants remove the above-entitled action to United States District Court for the Central District of California.

DATED:  June 14, 2017                OGLETREE, DEAKINS, NASH, SMOAK &
                                     STEWART, P.C.

                                     By:  /s/ *Spencer C. Skeen*
                                          Spencer C. Skeen
                                          Tim L. Johnson
                                          Attorneys for Defendants

Veronica Masten v. Sterling Jewelers Inc. et al.
Case No.

## Index of Exhibits

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANTS

| Exhibit No. | Description | Page Range |
|---|---|---|
| 1 | Summons and Class Action Complaint filed in Los Angeles County Superior Court, Case No. BC660989 | 1:1-13 |
| 2 | Answer to Class Action Complaint in Los Angeles County Superior Court, Case No. BC660989 | 2:1-7 |
| 3 | Notice of Case Assignment and Mandatory Appearance | 3:1-3 |

30168078.1